O

# United States District Court
# Central District of California

| | |
|---|---|
| INTERNATIONAL AERO PRODUCTS, LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>AERO ADVANCED PAINT TECHNOLOGY, INC.,<br><br>     Defendant. | Case No: 2:18-CV-03047-ODW(SK)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND TRANSFER FOR LACK OF PERSONAL JURISDICTION [16]** |

## I. INTRODUCTION

Pending before the Court is Defendant Aero Advanced Paint Technology, Inc.'s Motion to Dismiss, or in the alternative, Motion to Transfer for Lack of Personal Jurisdiction. (Mot. to Dismiss ("Mot."), ECF No. 16-1.) For the reasons below, the Court **DENIES** Defendant's Motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from Plaintiff International Aero Products LLC's ("Plaintiff" or "IAP") allegations that Defendant Advanced Aero Paint Technology, Inc.'s ("Defendant" or "AAPT") infringed on Plaintiff's trademarks. (Compl. ¶ 1, ECF No. 1.) Specifically, the dispute concerns the right to use "AERO" and "AERO and Design" as trademarks. (*See* Opp'n 1, ECF No. 21.) In or around November 2016, while Plaintiff was advertising and promoting its products at the Specialty Equipment

Market Association ("SEMA") in Las Vegas, Nevada, Defendant claimed that one of its customers was confused when he or she saw Plaintiff's products and exhibit and believed Plaintiff was related to Defendant. (Compl. Ex. 6, at 1.)

On April 11, 2018, Plaintiff IAP, a California limited liability company, commenced a lawsuit against Defendant AAPT. (Compl., ECF No. 1.) Plaintiff brought two causes of action: (1) infringement of a federally registered trademark under 15 U.S.C. § 1114; and (2) infringement of trademark under 15 U.S.C. § 1125(a).

On April 28, 2018, Defendant AAPT initiated a lawsuit in the Southern District of Ohio against IAP; International Aero Holdings, LLC; International Aero Engineering, LLC; International Aero Services, LLC; Jonathan M. Saltman; and DOES 1-5 (the "Ohio Action"). *See* Complaint with Jury Demand, *Aero Advanced Paint Technology, Inc. v. International Aero Products, LLC et al.*, No. 2:18-cv-00394-MHW-CMV (S.D. Ohio Apr. 28, 2018), ECF No. 1. Defendant's lawsuit asserts causes of action for: (1) Trademark Infringement in violation of 15 U.S.C. §§ 1111 and 1114; (2) False Designation of Origin and False Descriptions in violation of 15 U.S.C. § 1125; (3) Non-Infringement, Unenforceability, and Cancellation pursuant to 28 U.S.C. §§ 2201, 2202, and 15 U.S.C. §§ 1051, 1064, and 1125; and (4) Unfair Competition and Deceptive Trade Practices in violation of Ohio Revised Code section 4165. *Id.*

On May 3, 2018, before Defendant answered and within ninety (90) days after filing the Complaint, Plaintiff filed a First Amended Complaint ("FAC"). (FAC, ECF No. 11.) The FAC is essentially identical to the Complaint with one exception: instead of identifying Plaintiff IAP as a California limited liability company, Plaintiff amended the Complaint to assert that Plaintiff is actually a Delaware limited liability company with its principal place of business in California. (FAC ¶ 1.)

On June 8, 2018, in the Ohio Action, Plaintiff IAP (and the related entities and individual) filed a Motion to Dismiss and Transfer to transfer the case back to the

Central District. *See* Motion to Dismiss, Stay, or Transfer, *Aero Advanced Paint Technology, Inc. v. International Aero Products, LLC et al.*, No. 2:18-cv-00394-MHW-CMV (S.D. Ohio June 18, 2018), ECF No. 27.

Subsequently, on June 28, 2018, Defendant AAPT filed its Motion to Dismiss or Transfer for Lack of Personal Jurisdiction in this action. (Mot., ECF No. 16.) This Motion is now before the Court for decision.[1]

### III. LEGAL STANDARD

**A. Motion to Dismiss for Lack of Personal Jurisdiction**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may seek dismissal of an action for lack of personal jurisdiction. Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that the exercise of personal jurisdiction is proper. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Accordingly, a court only "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). Although the plaintiff cannot "simply rest on the bare allegation of its complaint," uncontroverted allegations in the complaint must be taken as true. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977); *see AT&T Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Factual disputes are resolved in the plaintiff's favor. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1554 (9th Cir. 2006).

A federal district court may exercise personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

and substantial justice.'" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110–11 (9th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945)). A district court may exercise either general or specific personal jurisdiction over nonresident defendants. *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).

**B.     Motion to Dismiss/Transfer for Improper Venue**

"For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a).

Cases are also transferred based on the "first-to-file" rule. The first-to-file rule is a doctrine of federal comity; a district court may decline to exercise jurisdiction over an action when a complaint involving the same parties and issues has been filed in another district. *Pacesetter Sys., Inc. v. Medtronic Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). This doctrine seeks to conserve limited judicial resources and avoid duplicate or inconsistent judgments on similar issues. *Id.* at 95.

In considering whether to apply this doctrine, a court must consider: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). If a later-filed action meets the first-to-file requirements, the second court may transfer, stay, or dismiss the case. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).

## IV.     DISCUSSION

**A.     Specific Jurisdiction**

*1.     Purposeful Direction*

Plaintiff does not dispute that Defendant would not be subject to general jurisdiction in California; therefore, only specific jurisdiction is at issue here. (*See* Opp'n 7; Reply 3, ECF No. 22.) To determine specific jurisdiction in a suit involving

trademark infringement,[2] a court looks to whether a defendant "purposefully directs" its activities toward the forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Defendant contends that the mere presence and creation of its website is not considered purposeful availment to the forum. (Mot. 10; Reply 4.) Defendant's contention misses the point. The issue is not just over Defendant's website, but whether Plaintiff's allegations are sufficient to show that Defendant's activities, including the website, were purposefully directed toward the forum; specifically Defendant's alleged trademark infringement.

The Ninth Circuit has held that the relevant inquiry for purposeful direction is whether the defendant allegedly has (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803. Plaintiff's allegations meet this test.

a. Intentional Act

Under the first prong, Defendant must commit an intentional act. Plaintiff alleges that Defendant infringed on its trademark through the use of "Aero" and "Aero and Design" in connection with the marketing and sale of paint on automobiles without its permission. (FAC ¶¶ 27–29.) Plaintiff further alleged that Defendant's infringement was "knowing, willful, and deliberate." (*Id.* ¶ 31.) These allegations satisfy the "intentional act" prong. *See Levi Strauss & Co. v. Toyo Enter. Co., Ltd.*, 665 F. Supp. 2d 1084, 1093 (N.D. Cal. 2009) (finding "intentional act" requirement satisfied by allegations of trademark infringement).

b. Expressly Aimed

Under the second prong, Plaintiff must demonstrate that Defendant expressly aimed its actions at the forum state. In this case, Plaintiff's allegations are substantially based on Defendant's website. The Ninth Circuit addressed this issue in

---

[2] Cases involving trademark infringement are "akin to a tort case." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998).

*Mavrix Photo Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011). The court found that the "maintenance of a passive website alone cannot satisfy the express aiming prong," but it has also found that "operating even a passive website in conjunction with 'something more' . . . is sufficient." *Id.* at 1229 (9th Cir. 2011) (internal quotation marks and citations omitted). Thus, courts will look to the interactivity of the website, the geographic scope of the defendant's commercial ambitions, and whether the defendant targeted a plaintiff known to be a forum resident to determine whether a defendant has done "something more." *Id.*

The Ninth Circuit has also found that specific jurisdiction exists when "a plaintiff files suit in its home state against an out-of-state defendant and alleges that defendant intentionally infringed its intellectual property rights knowing the plaintiff was located in the forum state." *Adobe Sys. Inc. v. Blue Source Group, Inc.*, 125 F. Supp. 3d 945, 961 (N.D. Cal. 2015) (citing and quoting *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1105 (C.D. Cal. 2007)).

However, personal jurisdiction does not hinge on the sale of the accused products in the forum state; all that a plaintiff needs to show is that the defendant "willfully infringed" and that the defendant knew that the plaintiff had its principal place of business in this district. *See id.* at 962; *see also Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (finding specific jurisdiction "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state").

Here, without addressing the veracity of Plaintiff's allegations, Plaintiff establishes a prima facie case that Defendant willfully infringed on Plaintiff's trademark in this district. Specifically, Plaintiff alleges that Defendant, through the use of its interactive website, Defendant advertised, displayed, and offered for sale products that were similar to Plaintiff's products to consumers in this district. (FAC ¶ 5.) Defendant's website also includes several news articles and promotional advertisements targeted at the Central District. (*See* FAC Ex. 3.) Further, Plaintiff

has made a prima facie showing that Defendant was aware of Plaintiff's principal place of business as Defendant's cease and desist letter is addressed to Plaintiff's President/CEO in Bellflower, California. (FAC Ex. 6.)

Accordingly, Plaintiff has made a prima facie showing that Defendant's conduct was expressly aimed at the forum state.

### c. Foreseeable Harm

Under the third prong, Plaintiff must demonstrate that Defendant's conduct caused harm that it knew was likely to be suffered in the forum. *Adidas Am., Inc. v. Cougar Sport, Inc.*, 169 F. Supp. 3d 1079, 1092 (D. Or. 2016). This element is satisfied by showing that a defendant's intentional act has foreseeable effects in the forum. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1131 (9th Cir. 2010). This does not mean that the "brunt" of the harm has to occur in the forum state; "this element may be established even if the 'bulk of the harm' occurs outside the forum. *Adidas*, 169 F. Supp. 3d at 1092.

As established above, Defendant's cease and desist letter is addressed to Plaintiff's principal place of business in the forum state. Further, Plaintiff argues that its sole place of business is within this district and that it manufactures all of its products in this district. (Opp'n 11.) Therefore, it is foreseeable that Plaintiff would suffer at least some harm by Defendant's alleged trademark infringement in this district. Accordingly, Plaintiff has satisfied this element.

### 2. Arising Out Of

The second requirement for the Court to exercise specific personal jurisdiction "is that the claim asserted in the litigation arises out of the defendant's forum related activities." *Panavision*, 1141 F.3d at 1322. To determine whether a plaintiff's claim arises out of the defendant's forum-related activities, courts use a "but for" causation analysis. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000). The Ninth Circuit has recognized that in trademark infringement actions, if the

defendant's infringing conduct harms the plaintiff in the forum, this element is satisfied. *See Adobe*, 125 F. Supp. 3d at 963 (listing cases).

Here, Plaintiff alleges that it is one of the largest and most well-respected private jet detailers in the world with widespread public recognition of its products and trademark. (FAC ¶¶ 12, 15.) Plaintiff further alleges that Defendant's use of the trademark is "likely to cause confusion, mistake, or deception among the public." (FAC ¶ 27.) Accordingly, Plaintiff alleges that it suffered harm in this district, and the but-for cause of this harm is Defendant's alleged infringement. This is sufficient to show that Plaintiff's claims arise out of Defendant's forum-related activities. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011) (finding that a trademark infringement claim arises out of the defendant's actions where defendant allegedly infringed plaintiff's trademark knowing that plaintiff was located in California).

3.  *Reasonableness*

As Plaintiff has made a prima facie case that specific jurisdiction over Defendant is proper, the burden shifts to Defendant to show why the exercise of jurisdiction would not be reasonable and fair. *Schwarzenegger*, 374 F.3d at 802. Generally, a defendant must present a compelling case that the exercise of jurisdiction would not be reasonable. *Id.* (internal quotation marks and citations omitted).

Here, Defendant fails to substantively address the reasonableness or fairness of this Court exercising jurisdiction. Instead, Defendant argues that Plaintiff's allegations rely on false and unsupported representations, and that in any event, this Court should transfer the action to the "first filed Ohio Action." (Reply 9.) As the Court addresses below, Defendant's presumption that the Ohio Action is the first filed action is wrong.

Accordingly, the Court finds that it has specific personal jurisdiction as to Defendant APPT. The Court further denies Plaintiff's request for jurisdictional discovery as moot.

### B. Motion to Dismiss/Transfer for Lack of Personal Jurisdiction

Defendant requests that this Court transfer the action pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). (Mot. 6.) However, Defendant's Motion to Transfer is severely lacking. Defendant's only argument that the action should be transferred can be found in the introduction section that argues that the Ohio Action should be preferred because it is the first filed action and includes claims under Ohio law. (Mot. 6.) Accordingly, the Court will only address whether the Motion to Transfer is proper based on the first-to-file rule.

*1. Chronology of the Actions*

The first—and most fundamental—requirement is that the action in the transferee district court must have been filed prior to the action in the transferor district court. *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293–94 (N.D. Cal. 2013). The first factor that must be satisfied is the chronology of the two actions. *Id.* at 625. There is no dispute regarding the chronology. Plaintiff's Complaint was filed on April 11, 2018 (ECF No. 1); Defendant's Complaint in the Ohio Action was filed on April 28, 2018; and Plaintiff's First Amended Complaint in this Action was filed on May 3, 2018 (ECF No. 11).

It is abundantly clear that Plaintiff's action in this district was filed first. Defendant's only argument is that Plaintiff's amendment, changing Plaintiff from a California limited liability company to a Delaware limited liability company did not relate back to the original filing, and thus, the Ohio Action is the first filed action.

This Court is guided by our sister court's decision in *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 987–90 (N.D. Cal. 2011). The first-filed rule is triggered upon the filing of a complaint, regardless of whether a plaintiff later amends the complaint. *Id.* at 987. The relation back doctrine "is designed for circumstances in which the timeliness of an amendment is at issue, for example, with respect to the statute of limitations." *Id.* at 989–90. The court in *Barnes & Noble* also found that the *addition* of a plaintiff via a timely filed amended complaint relates back to the

original complaint. *Id.* Here, Plaintiff timely filed an amended complaint to correct Plaintiff's place of incorporation. Regardless of Plaintiff's place of incorporation, whether California or Delaware, Defendant had notice of Plaintiff's role and the alleged infringement, and timely amending Plaintiff's place of incorporation caused no unfair prejudice to Defendant.

Thus, this Court finds that Plaintiff's case is the first filed action.

### 2. Similarity of Parties

The second factor that must be satisfied is the similarity of parties. *Alltrade, Inc.*, 946 F.2d at 625. The first-to-file rule only requires there be substantial similarity, the parties need not be identical. *Kohn Law Grp.*, 787 F.3d at 1240.

Though Defendant argues that the parties are not identical and that the Ohio Action contains several other defendants who are "believed to have an interest in the subject action," the Court finds that the parties are substantially similar. (*See* Mot. 7.) The addition of the other parties in the Ohio Action are affiliated parties/entities to Plaintiff in this action.[3] As such, the other parties in the Ohio Action does not weigh in favor of a transfer. *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008) ("The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters.").

### 3. Similarity of Issues

The last factor that must be satisfied is the similarity of issues. *Alltrade, Inc.*, 946 F.2d at 625. This factor does not require total uniformity of claims but rather focuses on the underlying factual allegations. *Red v. Unilever United States, Inc.*, No. 09-07855 MMM (AGRX), 2010 WL 11515197, at *5–6 (C.D. Cal. Jan. 25, 2010); *see also Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997

---

[3] The Ohio Action also includes International Aero Holdings, LLC; International Aero Engineering, LLC; International Aero Services, LLC; and Jonathan M. Saltman. Jonathan M. Saltman is the part-owner and CEO of Plaintiff IAP, and declared under penalty of perjury that the additional parties in the Ohio Action are all affiliated entities. (Decl. of Jonathan Saltman ¶¶ 1–3, ECF No. 22-1.)

(E.D. Tex. 1993) ("The cases need not be identical to be duplicative."). While the Ohio Action raises some unique state law claims, the factual allegations giving rise to those claims and the central theories of liability are identical to those in this action. At the heart of both cases is a claim of trademark infringement. The ultimate issue is the right to use "AERO" and "AERO and Design" as trademarks and the subsequent damages resulting from the alleged infringement. (*See* Opp'n 1.) Accordingly, this Court finds that the issues involved in both actions are substantially similar.

## C. Sanctions

Defendant, in its Reply in Support of its Motion, requests Rule 11 sanctions as well as an award of reasonable expenses in defending its own Motion. The Court declines to do so. Not only does Defendant raise sanctions for the first time in its Reply, but it has made no showing that it has complied with Rule 11's procedural requirements including the safe harbor provision. Rule 11 further requires that a motion for sanctions "be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."

The Court further admonishes the parties against recklessly requesting Rule 11 sanctions without following any of the procedural rules. *See Gairado v. Ethyl Corp.*, 935 F.2d 479, 485 (3rd Cir. 1987) (stating that practitioners "invite retribution from courts . . . when the Rule is invoked for an improper purpose").

\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \

## V. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1) The Court **DENIES** the Defendant's Motion to Dismiss;

(2) The Court **DENIES** the Defendant's Motion to Transfer;

(3) The Court **DENIES** the Defendant's request for sanctions;

(4) The Court **DENIES** Plaintiff's request for jurisdictional discovery.

**IT IS SO ORDERED.**

August 28, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**