# United States District Court
# Central District of California

| | |
|---|---|
| INTERNATIONAL AERO PRODUCTS, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>AERO ADVANCED PAINT TECHNOLOGY, INC.,<br><br>          Defendants. | Case № 2:18-cv-03047-ODW (SKx)<br><br>**ORDER GRANTING, IN PART, DENYING, IN PART, PLAINTIFF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND [32]** |

## I.   INTRODUCTION

Plaintiff International Aero Products, LLC ("Plaintiff" or "IAP") filed a Complaint for (1) infringement of a federally registered trademark under 15 U.S.C. § 1114 and (2) infringement of trademark under 15 U.S.C. § 1125(a) against Defendant Aero Advanced Paint Technology, Inc. ("Defendant" or "AAPT"). Defendant now moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction, and further moves to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.  For the reasons discussed below, the Court **GRANTS, IN PART, AND DENIES, IN PART,** Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim.[1]  (ECF No. 32.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 2012, the United States Patent and Trademark Office ("USPTO") granted Plaintiff a federal registration for its "AERO and Design" trademark, U.S. Trademark Registration No. 4,256,779 (hereinafter, the "'779 Trademark"). (First Am. Compl. ("FAC") ¶ 6, Exs. 13, 14, ECF No. 11.) Between 2013 and 2014, Defendant obtained four federal registrations for trademarks related to the term "AERO," U.S. Trademark Registration Nos. 4,715,104; 4,614,452; 4,948,895; and 4,867,416. (FAC ¶ 22.)

In November 2016, Plaintiff advertised and promoted its products at a tradeshow in Las Vegas, Nevada. (*See* "FAC" Ex. 6, at 1.) Defendant claimed that one of its customers at the tradeshow was "confused" upon viewing Plaintiff's products, believing Plaintiff and Defendant were related entities. (*Id.*)

On April 11, 2018, Plaintiff initiated a lawsuit before this Court, alleging that Defendant infringed on Plaintiff's trademarks. (*See generally* Compl., ECF No. 1.) Plaintiff brought two causes of action: (1) infringement of a federally registered trademark under 15 U.S.C. § 1114; and (2) infringement of trademark under 15 U.S.C. § 1125(a). (*Id.*) Specifically, the present dispute concerns the right to use "AERO and Design" and the word "AERO" as trademarks. (*See* FAC ¶ 22.)

Subsequently, on April 28, 2018, Defendant AAPT commenced a lawsuit in the Southern District of Ohio against Plaintiff IAP. *See* Complaint with Jury Demand, *Aero Advanced Paint Tech., Inc. v. Int'l Aero Prods., LLC et al.*, No. 2:18-cv-00394-MHW-CMV (S.D. Ohio Apr. 28, 2018), ECF No. 1. The lawsuit in Ohio asserted four causes of action: (1) Trademark Infringement; (2) False Designation of Origin and False Descriptions; (3) Non-Infringement, Unenforceability, and Cancellation; and (4) Unfair Competition and Deceptive Trade Practices.[2] *Id.*

---

[2] On December 20, 2018, the court in Ohio granted a motion to transfer and transferred the action to this Court. *See* Op. and Order, *Aero Advanced Paint Tech., Inc. v. Int'l Aero Prods., LLC et al.*, No. 2:18-cv-10576-ODW-SK (C.D. Cal. Dec. 20, 2018), ECF No. 37.

On May 3, 2018, before Defendant answered and within ninety (90) days after filing the Complaint, Plaintiff filed a First Amended Complaint. (*See generally* FAC.) There was only one difference in the FAC: Plaintiff IAP was identified as a Delaware limited liability company with its principal place of business in California; not a California limited liability company. (FAC ¶ 1.)

On June 28, 2018, Defendant filed a Motion to Dismiss or Transfer for Lack of Personal Jurisdiction in this action. (ECF No. 16.) This Court denied that motion. (Order Denying Mot. to Dismiss and Transfer, ECF No. 26.)

On September 11, 2018, Defendant filed a Motion to Dismiss for (1) Lack of Subject Matter Jurisdiction and (2) Failure to State a Claim Upon Which Relief Can be Granted in this action. (Mot. to Dismiss Under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) ("Mot."), ECF No. 32.) That Motion is now before the Court for consideration.

### III. LEGAL STANDARD

#### A. RULE 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Article III, Section 2, of the United States Constitution restricts the federal "judicial Power" to the resolution of "Cases" and "Controversies," and this case-or-controversy requirement is met where the plaintiff has standing to bring his or her suit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992); *see also Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). To satisfy Article III standing, a plaintiff must show that (1) he has suffered an "injury in fact" that is concrete and particularized and actual or imminent; (2) the injury is fairly traceable to the challenged actions of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Bernhardt v. Cty of Los Angeles*, 279 F.3d 862, 868–69 (9th Cir. 2002) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180–81 (2000)). Once a defendant moves to dismiss for lack of subject

matter jurisdiction, the plaintiff bears the burden of establishing the court's subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). As such, a party may challenge either the allegations of jurisdiction contained in the nonmoving party's complaint or the existence of subject matter jurisdiction despite the formal sufficiency of the pleading. *Id.*

**B.  RULE 12(b)(6)**

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory

allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

The Court first addresses Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) because "[f]ederal courts must determine they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (citations omitted).

### A. PLAINTIFF'S STANDING

Defendant challenges the existence of subject matter jurisdiction based on the sufficiency of the pleadings. (Mot. 11.) Defendant argues that Plaintiff does not have standing to bring claims because (1) Plaintiff does not possess ownership rights of the '779 Trademark and (2) Plaintiff has not established a concrete and particularized injury-in-fact with a causal connection to Defendant's actions. (Mot. 12–13.)

#### 1. Ownership Rights of '779 Trademark

The '779 Trademark was originally registered to IAP, a California LLC, rather than Plaintiff IAP, a Delaware LLC. (FAC Ex. 13.) Consequently, Defendant claims that because Plaintiff does not own the trademark, it does not have standing to enforce the '779 Trademark. (Mot. 11–13.) In response, Plaintiff asserts that the inaccuracy of the '779 Trademark registration was a mere typographical error, and this inadvertent error has been corrected by the USPTO as of September 2018. (Opp'n 2.)

Applicants who misidentify themselves in trademarks may correct their information. *See* TMEP § 1201.02(c) ("If the party applying to register the mark is, in

fact, the owner of the mark, but there is a mistake in the manner in which the name of the applicant is set out in the application, the mistake may be corrected by amendment.").

Further, courts have refused to dismiss claims solely on the basis of typographical errors. *See Rivers v. Skate Warehouse, LLC*, No. CV-12-09946-MMM-(CWx), 2013 WL 12128800, at *8 (C.D. Cal Apr. 15, 2013) (refusing to dismiss a trademark infringement case on the basis of a typographic error). Courts have also concluded that such typographical errors would not have any impact on the claims at issue in cases such as the one presently before the Court. *See Binder v. Disability Grp., Inc.*, 772 F. Supp. 2d 1172, 1176 (C.D. Cal. 2011).

Here, the USPTO has accepted Plaintiff's request for a correction and amended the '779 Trademark to reflect Plaintiff's accurate place of incorporation, Delaware. (*See* Opp'n Ex. 3). It has also left the original registration date of the '779 Trademark intact.[3] *Id.* Accordingly, Plaintiff is the rightful owner of the '779 Trademark such that it has standing to enforce the mark.

However, because Defendant's Motion challenges the sufficiency of the pleadings, Defendant is technically correct that Exhibit 13 to the FAC establishes that Plaintiff, a Delaware corporation, is not the actual owner of the mark. Accordingly, the Court grants Defendant's motion to dismiss with leave to amend. Specifically, Plaintiff may amend its complaint to include the revised trademark registration.

### 2. *Concrete and Particularized Injury-in-Fact*

The "injury-in-fact" prong of Article III standing requires that the plaintiff suffered "an invasion of a legally protected interest which is (a) concrete and

---

[3] Defendant argues that Plaintiff's counsel's declaration and exhibits should be stricken because it was an untimely filing. Although the Court is cognizant and strict about deadlines, the declaration and exhibits were filed only four minutes after the filing deadline. (*See* ECF No. 36.) The Court fails to find that a four-minute delay prejudiced Defendant, nor has Defendant argued that the delay caused it any prejudice. *See Zosma Ventures, Inc. v. Nazari*, CV 12-1404-RSWL (FFMx), 2013 WL 12129380, at *3 (C.D. Cal. Sept. 23, 2013).

particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal citations and quotation marks omitted).

Here, Defendant argues that Plaintiff has not alleged an invasion of a legally protected interest which is concrete and particularized. (Mot. 13.) As explained previously, Plaintiff does have a legally protected interest in the '779 Trademark. Moreover, Plaintiff's FAC alleged that it suffered an injury-in-fact as a result of Defendant's use of its mark. Specifically, Plaintiff alleged that "[Defendant's] use, according to its own statements, is likely to cause confusion, mistake, or deception among the public as to whether [Defendant's] products are associated with, approved of, or sponsored by the same source as [Plaintff's] AERO branded automotive detailing products." (FAC ¶ 27.) Additionally, Plaintiff alleged that it "has no control over the composition or quality of the goods sold under" Defendant's mark and that Plaintiff "is being harmed by [Defendant's] unauthorized use of the confusingly similar mark." (FAC ¶ 32.) Plaintiff further alleged harm to goodwill and reputation of its company as a result of Defendant's actions. (FAC ¶ 33.)

Further, Defendant's cease and desist letter explicitly agrees with Plaintiff's concerns regarding the potential for confusion between the two marks, stating that a tradeshow "attendee familiar with [Defendant] was confused into thinking that [Defendant] would again be exhibiting products displaying its AERO-based marks." (FAC Ex. 6, at 1.) Defendant recognized that "it is understandable how one might be confused" and that "[Defendant] is very concerned about the likelihood of confusion arising based on [Plaintiff's]" use of the mark. (*Id.* at 1, 2.) Finally, Defendant wrote that it is necessary that Plaintiff cease and desist using the mark "[t]o protect the goodwill associated with its AERO-based marks and avoid a likelihood of confusion." (*Id.*)

These allegations, taken as true and construed in the light most favorable to Plaintiff, are sufficient to establish that Plaintiff has Article III standing. *See Leite v.*

*Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (holding that "the plaintiff's factual allegations will ordinarily be accepted as true").

B. **FAILURE TO STATE A CLAIM**

Defendant also moves to dismiss the case on the basis that Plaintiff has not pled facts sufficient to establish a likelihood of confusion to maintain a trademark infringement claim. (Mot. 15.)

To prevail on a claim of trademark infringement, a party "must prove (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011). As discussed above, Plaintiff has established a protectible ownership interest in the '779 Trademark, but is granted leave to amend to include the revised trademark registration as it does not appear on the face of the complaint.

There are eight relevant factors to determine whether consumers would likely by confused by related goods: "[1] strength of the mark; [2] proximity of the goods; [3] similarity of the marks; [4] evidence of actual confusion; [5] marketing channels used; [6] type of goods and the degree of care likely to be exercised by the purchaser; [7] defendant's intent in selecting the mark; and [8] likelihood of expansion of the product lines." *AMF v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979), *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003). A court does not need to address all eight factors as "it is often possible to reach a conclusion with respect to likelihood of confusion after considering only a subset of the factors." *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999).

Here, the Court does not address all the factors, but only the relevant ones necessary to determine the likelihood of confusion. Plaintiff has pled sufficient facts to establish a likelihood of confusion. Specifically, Plaintiff alleged that its mark is "strong within the marketplace due to [Plaintiff's] substantial and continuous

marketing and promotion of the AERO and Design automotive detailing line, as well as the substantial sales volume, critical acclaim, and widespread public recognition . . . for nearly eight years." (FAC ¶ 26.) Further, Plaintiff alleged that Defendant used the term AERO and Design as trademark in connection with automobiles, and Defendant's "use, according to its own statements, is likely to cause confusion." (FAC ¶ 27, Ex. 6.) Defendant, in its letter to Plaintiff, wrote that Plaintiff's "mark has confusingly been affixed to vehicles, including a vehicle on display at the 2016 SEMA show" and that "it is understandable how one might be confused" between the two companies. (FAC Ex. 6, at 1.) Further examples of how both marks are similar include how both marks simply use the term "AERO."

 

The first "AERO" is the '779 Trademark purportedly belonging to Plaintiff, and the second "AERO" is one of Defendant's trademark registration. As Defendant freely admits in its letter, "[Defendant] is very concerned about the likelihood of confusion arising based on [Plaintiff's] use of the AAERO [sic] mark . . . where the dominant feature of the mark is the word AERO . . . [and] it is in the best interests of both [Defendant] and [Plaintiff] to avoid confusion as is already occurring in the marketplace." (FAC Ex. 6, at 2.) Accordingly, Plaintiff has pled sufficient facts to establish a likelihood of confusion.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS, IN PART, AND DENIES, IN PART, Plaintiff's Motion** and grants Plaintiff leave to amend. Plaintiff may amend its First Amended Complaint within seven (7) days of this Order.

**IT IS SO ORDERED.**

January 8, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**